ATTORNEY GENERAL HENRY HAS DIRECTED ME TO RESPOND TO YOUR REQUEST FOR AN OFFICIAL OPINION FROM THIS OFFICE ASKING, IN EFFECT, WHETHER AN APPLICATION FOR A NUNC PRO TUNC ORDER IS A POST-JUDGEMENT PROCEEDING SUBJECT TO THE FILING FEE REQUIREMENT FOR ANY POSTJUDGMENT PROCEEDINGS.
BECAUSE YOUR QUESTION MAY BE ANSWERED BY REFERENCE TO CLEARLY CONTROLLING STATUTES AND CASE LAW AUTHORITY, THE ISSUANCE OF AN OFFICIAL OPINION OF THE ATTORNEY GENERAL IS NEITHER DESIRABLE NOR NECESSARY. THE DISCUSSION WHICH FOLLOWS IS THEREFORE, RATHER, THE ANALYSIS AND CONCLUSIONS OF THE UNDERSIGNED ASSISTANT ATTORNEY GENERAL.
TITLE 12 O.S. 1031 (1981), CLEARLY GIVES A DISTRICT COURT THE POWER TO VACATE OR MODIFY ITS OWN JUDGMENTS OR ORDERS FOR MISTAKE, NEGLECT OR OMISSION OF THE CLERK OR IRREGULARITY IN OBTAINING A JUDGMENT OR ORDER. HOWEVER, THIS POWER IS ALSO INHERENT WITH THE COURT. THIS WAS SPECIFICALLY ADDRESSED IN HAWKS V. MCCORMACK, 71 P.2D 724 (1937), WHEREIN THE SUPREME COURT OF OKLAHOMA STATED IN PERTINENT PART:
 BUT THE TRUE FUNCTION OF A NUNC PRO TUNC ORDER IS TO MAKE THE RECORD SPEAK THE TRUTH RELATIVE TO THE JUDGMENT OR ORDER . . . IF THE COURT ITSELF BY INADVERTENCE USES LANGUAGE IN THE JOURNAL ENTRY WHICH DOES NOT REFLECT THE TRUE JUDGMENT OR ORDER INTENDED, AN ORDER MAY BE MADE NUNC PRO TUNC CORRECTING SAME. THIS POWER IS INHERENT IN COURTS OF RECORD AND EXISTS INDEPENDENT OF ANY STATUTORY PROVISION. (EMPHASIS ADDED).
HAWKS, 71 P.2D AT 725.
THE ISSUE THEN IS WHETHER TITLE 28 O.S. 152 (1990) WHICH IMPOSES A FILING FEE FOR ALL PROCEEDINGS AFTER JUDGMENT, APPLIES TO THE FILING OF AN APPLICATION FOR AN ORDER NUNC PRO TUNC SINCE THE DISTRICT COURT HAS INHERENT AUTHORITY TO CORRECT ITS JUDGMENTS. TITLE 28 O.S. 152 (1990), STATES VERY CLEARLY THAT A FILING FEE SHALL BE IMPOSED FOR ANY OTHER PROCEEDING AFTER JUDGMENT.
THE ONLY OTHER PROVISION IN THE STATUTE WHICH DEALS WITH POSTJUDGMENT MATTERS IS THE PROVISION THAT REQUIRES DIVORCE PROEEEDINGS A FEE TO MODIFY OR VACATE A DIVORCE DECREE OR ORDER WHICH PROVIDES FOR CUSTODY OR SUPPORT. AN ORDER NUNC PRO TUNC DOES NOT MODIFY OR VACATE AN ORDER BUT MERELY CORRECTS THE ORIGINAL ORDER TO REFLECT THE TRUE INTENT. SINCE THE LEGISLATURE WAS SPECIFIC WITH REGARD TO DIVORCE DECREES AND SPECIFICALLY STATED MODIFY OR VACATE, IT WOULD APPEAR THAT IN NORMAL CIVIL ACTIONS ANY PROCEEDING AFTER JUDGMENT SHOULD BE SUBJECT TO A FILING FEE, NOT MERELY WHEN THE APPLICATION IS TO MODIFY AND VACATE THE JUDGMENT AND ORDER.
BLACK'S LAW DICTIONARY DEFINES A "PROCEEDING" AS "IN A GENERAL SENSE, THE FORM AND MANNER OF CONDUCTING JURIDICAL BUSINESS BEFORE A COURT OR JUDICIAL OFFICER". THE DEFINITION FURTHER STATES THAT THE PROCEEDINGS OF A SUIT EMBRACE ALL MATTERS THAT OCCUR IN ITS PROGRESS JUDICIALLY. BLACK'S LAW DICTIONARY 1204 (6TH ED. 1990). WHILE IT IS WITHIN THE COURT'S INHERENT POWER TO MODIFY OR VACATE ITS JUDGMENT UNDER APPROPRIATE CIRCUMSTANCES, THIS UNDER MOST CIRCUMSTANCES CANNOT BE DONE WITHOUT THE FILING OF AN APPLICATION TO BRING IT TO THE COURT'S ATTENTION. THEREFORE, THE PROCEDURE OF FILING AN APPLICATION OR A MOTION WOULD COME WITHIN THE DEFINITION OF A "PROCEEDING".
MOREOVER, THE LANGUAGE IN TITLE 28 O.S. 152 (1990), APPEARS TO BE CLEAR AND UNAMBIGUOUS IN THAT IT STATES ANY OTHER PROCEEDING AFTER JUDGMENT". WHEN STATUTES ARE UNAMBIGUOUS THERE IS NO ROOM FOR CONSTRUCTION OR FURTHER INQUIRY, AS THE LEGISLATURE PLAINLY EXPRESSES ITS INTENT. HUAHES DRILLING CO. V. MORGAN, 648 P.2D 32 (OKLA. 1982). THE TERMS OF TITLE 28 O.S. 1528 ARE CLEAR AND UNAMBIGUOUS AND IT WOULD THEREFORE, APPEAR THAT HE LANGUAGE IS CONTROLLING. THEREFORE, "ANY OTHER PROCEEDING AFTER JUDGMENT" WOULD INCLUDE APPLICATIONS FOR ORDERS NUNC PRO TUNC AS IT IS A PROCEEDING AFTER JUDGMENT.
(DIANE L. SLAYTON)